**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GLORIA BOWDEN, ) | |
| Plaintiff, ) | |
| v. ) | 3:11-CV-460-RCJ-WGC |
| SAINT MARY'S REGIONAL MEDICAL ) CENTER, ) | **ORDER** |
| Defendant. ) | |

Currently before the Court is a Motion to Dismiss for Failure to Comply with Discovery and Court Orders (#37). The Court heard oral argument on May 29, 2012. Plaintiff, *pro se*, did not appear.

**BACKGROUND**

**I.      Complaint**

In June 2011, *pro se* Plaintiff Gloria Bowden ("Plaintiff"), who currently lives in Texas, filed a complaint in this Court for wrongful termination. (Compl. (#1) at 1). Plaintiff, an African-American female, sued Defendant Saint Mary's Regional Medical Center ("Defendant") in Reno for race and disability discrimination. (*Id.* at 1-2). Plaintiff alleged that Defendant had violated the American with Disabilities Act ("ADA") because Defendant had fired her and had "all but regarded her as having a substantially limiting impairment." (*Id.* at 2). Plaintiff alleged that she had worked for Defendant from July 23, 1996, through November 18, 2008, when Defendant terminated her. (*Id.*).

The complaint alleged that on November 18, 2008, human resources met with Plaintiff. (*Id.* at 3). David Milovich, the Vice President of Human Resources, told Plaintiff that

surveillance cameras had witnessed Plaintiff on "numerous occasions staying multiple hours in the office after clocking out using computers and copy machines for personal use." (*Id.*). Milovich stated that the videos had disclosed Plaintiff using company computers and copy machines for personal use in direct violation of company Network Usage Policy. (*Id.*). Plaintiff alleged that she had worked in the claims department and that it was customary practice among the claims management department to use work computers to access the Internet and print personal documents both during and after regular working hours. (*Id.* at 4). The claims department consisted of twenty-one individuals, twenty of whom were white and Plaintiff, who was black. (*Id.* at 4-5). During the two-week period that Defendant had targeted and recorded Plaintiff's after work activities the other white employees that customarily stayed after 4:30 p.m., or after work, were not in the office during that time. (*Id.* at 5). Plaintiff was the only black person in the department and Defendant had targeted her. (*Id.*).

    The complaint alleged that during 2006 through 2008, Plaintiff's supervisor, Barbara Harkey, had referred Plaintiff to the Employee Assistance Program ("EAP") on two different occasions to deal with Plaintiff's "paranoia" and "mental health." (*Id.*). On June 6, 2006, Plaintiff had left a voicemail for a senior management member alleging that Defendant's employees were wiretapping and bugging Plaintiff's phones to interfere with her personal life. (*Id.*). During her 2006 meeting with Human Resources Director Lois Paytner and Harkey to discuss the voicemail, Human Resources counseled Plaintiff to visit with EAP and told Plaintiff to discuss her problems with them so that they could possibly help. (*Id.* at 6). Paytner and Harkey thought that Plaintiff needed help mentally and that EAP could help her. (*Id.*). In December 2006, Harkey asked Plaintiff to explain her absence and Plaintiff responded in an email that "she was suffering from harassment 24 hours a day, hidden cameras in her car, hypnosis while sleeping, illegal acts such as wiretapping and bugging" and was "experiencing difficulty sleeping for more than a few hours at a time due to the illegal and criminal activities of conspirators, specifically, [Defendant's] employees that she worked with." (*Id.*). Between June 2006 and November 18, 2008, Human Resources began watching Plaintiff's behavior more closely. (*Id.*).

The complaint alleged that, in November 2008, upper management had discovered Plaintiff's "stat sheet" which was a physical record outlining in detail her mental problems, paranoia, and schizophrenic behavior and had provided indisputable evidence of Plaintiff's mental state. (*Id.*). The stat sheet was attached to Plaintiff's termination paperwork. (*Id.*). Tom Lavin at EAP was present at her termination. (*Id.*).

Plaintiff alleged two causes of action. (*Id.* at 7, 9). In the first cause of action, Plaintiff alleged race discrimination/disparate impact under Title VII. (*Id.* at 7). In the second cause of action, Plaintiff alleged disability discrimination under the ADA because Defendant had "regarded her as being disabled." (*Id.* at 9).

## II. Procedural History

On November 8, 2011, Judge McQuaid ordered an Early Neutral Evaluation ("ENE") session pursuant to Nevada Local Rule 16-6 in this case for December 14, 2011, in Reno. (ENE Order (#22) at 1). The order stated that "[a]ll counsel of record that will be participating in the trial of this case, all parties appearing *pro se*, if any, and all individual parties must be present." (*Id.*).

On November 17, 2011, Plaintiff submitted a request to attend the ENE telephonically. (Telephonic Request (#23) at 1). Plaintiff stated that she resided in Texas and had been unemployed since 2008 and had exhausted all of her income resources for the year. (*Id.*). Plaintiff stated that if the Court was unwilling to permit her to attend telephonically, she requested that the ENE be postponed until February 2012. (*Id.*).

Defendant filed an opposition to the telephonic request noting that this Court had a scheduled hearing on her outstanding motions for December 12, 2011, and that Plaintiff's deposition was scheduled for December 13, 2011. (Opp'n to Telephonic Request (#24) at 2).

On November 28, 2011, Plaintiff filed a motion for telephonic appearance for the oral argument scheduled before this Court on December 12, 2011. (Mot. for Telephonic Appearance (#25) at 1). Plaintiff stated that she lived in Texas and that her appearance by telephone would be the most expedient method of resolving the issues and that no party would suffer any prejudice if she appeared telephonically. (*Id.*). Plaintiff also withdrew all of her

outstanding motions. (*See* Docket Entry (#26, 27)).

Defendant filed a response stating that the hearing scheduled for December 12th was no longer necessary in light of Plaintiff withdrawing her motions. (Resp. to Mot. for Telephonic Appearance (#28) at 1). However, Defendant noted that the ENE was still scheduled for December 14, 2011. (*Id.*).

On November 30, 2011, Judge McQuaid entered a minute order denying Plaintiff's Motion to Continue Hearing or to Appear Telephonically at the ENE scheduled for December 14, 2011. (Minute Order (#29) at 1). The order stated that the ENE would remain on the court's calendar for December 14, 2011, and that "Plaintiff shall attend in person." (*Id.*).

On December 14, 2011, Plaintiff did not attend the ENE and did not appear for her scheduled deposition on December 13, 2011. (Minutes of Proceedings (#31)). Judge McQuaid suggested that Defendant file a motion to compel attendance for the next noticed deposition and that the ENE would be set for the day after that deposition. (*Id.*). Judge McQuaid stated that if Plaintiff failed to attend either one, he would entertain a motion to dismiss the case as a sanction. (*Id.*).

On December 20, 2011, Defendant filed a motion to compel Plaintiff's deposition scheduled in Reno for February 6, 2012. (Mot. to Compel (#32) at 4). The Court granted the motion to compel Plaintiff to attend her deposition. (Minute Order (#34)).

On December 21, 2011, Judge McQuaid issued an order scheduling the ENE for February 7, 2012 in Reno. (Second ENE Order (#33) at 1). The order stated that "[a]ll counsel of record that [would] be participating in the trial of this case, all parties appearing *pro se*, if any, and all individual parties must be present." (*Id.*).

On February 7, 2012, Plaintiff did not attend the ENE. (Minutes of Proceeding (#36)). Judge McQuaid noted that it was the third time that Plaintiff had failed to obey an order of this Court. (*Id.*). Judge McQuaid explained, "The first time was the failure to appear at the first early neutral evaluation on 12/14/2011. The second instance being the failure to appear at a deposition on 2/6/2012 in which there was an order for her appearance, and the third time being the failure to appear at today's early neutral evaluation." (*Id.*). Judge McQuaid

recommended that "the District Judge . . . enter an order dismissing this case with prejudice for Ms. Bowden's failure to comply with three court orders." (*Id.*).

Defendant now files the motion to dismiss the case for failure to comply with discovery and court orders (#37).

## DISCUSSION

Defendant files a motion to dismiss this case with prejudice for failure to comply with discovery and court orders pursuant to Fed. R. Civ. P. 37 and 41. (Mot. to Dismiss (#37) at 1). Defendant asserts that Plaintiff has intentionally and knowingly violated at least three court orders and has acknowledged receiving the order compelling her to attend the deposition. (*Id.* at 4). Defendant asserts that Plaintiff's failure to cooperate in discovery has been prejudicial to Defendant because discovery closed on February 27, 2012, and Defendant has not been able to take Plaintiff's deposition. (*Id.* at 5). Further, Defendant asserts that Plaintiff has failed to supply any supplemental responses to her deficient interrogatories and requests for production of documents. (*Id.*). Defendant asserts that the sanction of dismissal is warranted and justified in this case. (*Id.*).

In support of the motion to dismiss, Defendant filed a declaration from its attorney Alice Campos Mercado. (Mercado Decl. (#37-2) at 13). Mercado declared that she had spoken to *pro se* Plaintiff on February 1, 2012, about Plaintiff's scheduled deposition for February 6, 2012. (*Id.*). Plaintiff informed Mercado that she "did not intend to come to Reno for her deposition and did not intend to appear for the ENE scheduled the following day." (*Id.*). Mercado asked Plaintiff if she had received the Court's order compelling her attendance and Plaintiff stated that she had. (*Id.*). Mercado asked Plaintiff whether she intended to contact the Court to inform it that she would not be attending the ENE so that the Court did not have to prepare unnecessarily. (*Id.*). Plaintiff said she did not intend to contact the Court. (*Id.*). Mercado stated that she would inform the Court and Plaintiff had no objection. (*Id.*). Mercado also had "ongoing discussions with [Plaintiff] about her failure to provide adequate responses to [Defendant's] written discovery requests in the proper format.  To date, [Plaintiff] has not supplemented her written discovery responses." (*Id.* at 14).

5

In response, Plaintiff "extend[s] her deepest apology to the court for being unable to attend the [ENE] on December 14, 2011 and on February 7, 2012 . . . and the depositions on December 13, 2011, and on February 6, 2012 due to financial duress of unemployment." (Resp. to Mot. to Dismiss (#39) at 1). Plaintiff then argues the merits of her case. (*Id.* at 2-3).

In reply, Defendant argues that Plaintiff's response contains no substantive opposition to its motion. (Reply to Mot. to Dismiss (#40) at 2).

Pursuant to Fed. R. Civ. P. 37(b), if a court orders a deponent to be sworn or to answer a question and the deponent fails to obey, the court may treat the failure as contempt of court. Fed. R. Civ. P. 37(b)(1). If a party fails to obey an order to provide or permit discovery, the court may, *inter alia*, dismiss the action or proceeding in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). Pursuant to Fed. R. Civ. P. 41(b), a defendant may move to dismiss the action if a plaintiff fails to prosecute or to comply with a court order. Fed. R. Civ. P. 41(b).

The general rule is that a plaintiff is required to make himself or herself available for examination in the district which he or she filed suit. *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999). "Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition." *Id.* The courts may make an exception to this rule if plaintiff can show good cause for not being required to come to the district where the action is pending. *Id.* However, mere inconvenience or expense is not a legitimate reason to refuse to appear and submit himself or herself to questioning by the defendant regarding the basis for a claim. *Id.*

In this case, the Court grants the motion to dismiss (#37) with prejudice. Plaintiff filed the lawsuit in this district while residing in Texas. Plaintiff refuses to appear in this district for depositions and for ENEs despite court orders compelling her attendance. In her attempt to appear telephonically during the first ENE, Plaintiff cited financial hardship. However, in that same request, which Judge McQuaid denied, Plaintiff requested to move the ENE to February 2012 implying that she would have the financial resources to attend the deposition and ENE at that time. However, after Plaintiff failed to appear to the ENE in December, the Court did reschedule the second ENE for February 2012 and Plaintiff still failed to appear. Plaintiff

6

made no request to the Court to move the ENE or explain why she would not be attending. As outlined in the procedural history, Plaintiff has blatantly disobeyed three orders by this Court and this Court dismisses the entire lawsuit without leave to amend.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Motion to Dismiss for Failure to Comply with Discovery and Court Orders (#37) is GRANTED in its entirety with prejudice.

The Clerk of the Court shall enter judgment accordingly.

DATED: This 6th day of July, 2012.

_____
United States District Judge